UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

TODD HOLLER and
PATRICIA HOLLER,

        Plaintiffs,

v.                                CIVIL ACTION NO.   5:19-cv-00129

THE TOWNSEND CORPORATION
*d/b/a Townsend Tree Service*,
*a foreign corporation*,

        Defendant.

### MEMORANDUM OPINION AND ORDER

Pending are Plaintiffs' Motion to Lift Stay and Amend Complaint, filed May 3, 2022, and Plaintiffs' Motion to Partially Lift Stay, filed September 30, 2022. [Docs. 99, 110]. A hearing on the former motion was held on June 3, 2022. [Doc. 106]. The matter is ready for adjudication.

**I.**

This action arises out of a workplace incident that occurred on or about February 22, 2017, wherein Plaintiff Todd Holler, an employee of Townsend Tree Company Service, LLC ("Townsend Tree"), was allegedly struck by a falling tree and injured while working at a company worksite. On February 21, 2019, Mr. Holler and his wife, Patricia Holler, instituted this action against Defendants Townsend Corporation and Townsend Tree. [Doc. 1]. Defendants filed their Answer on June 13, 2019. [Doc. 28].

Since the inception of this case, extensions and modifications to the scheduling order, stays, and reinstatements by both parties have been permitted. On September 28, 2020, the case was stayed and retired to the inactive docket at Plaintiffs' request, pending the conclusion of the worker's compensation administrative litigation or a joint stipulation by the parties. [Doc. 73]. The Plaintiffs moved to lift the stay on February 9, 2021, which the Court granted. [Docs. 84, 85]. The Defendants subsequently moved to modify the scheduling order on February 26, 2021, which the Court also granted. [Docs. 87, 88]. On September 13, 2021, the Court granted an additional modification and stay upon motion by the Plaintiffs because Mr. Holler's disability rating remained in dispute. [Docs. 94, 97]. The September 2021 stay has since remained in place.

On May 3, 2022, the Plaintiffs filed their Motion to Lift Stay and Amend Complaint. [Doc. 99]. Plaintiffs claim that although the Defendants each purport to be the employer of Mr. Holler, only Townsend Tree is his actual employer. Plaintiffs further contend potential new facts related to the Defendants' worker's compensation insurance coverage would allow for an alternative claim of negligence in addition to their original deliberate intent cause of action. Defendants respond that (1) the motion is "grossly untimely," (2) permitting the amendment would be "unduly prejudicial to the Defendants because substantial discovery . . . has already been completed," (3) the motion was "presented in bad faith or with improper motive," and (4) the amendment "would be futile." [Doc. 100 ¶¶ 1, 8–10]. Plaintiffs note in their Reply that, as part of his work-related injury claim, Mr. Holler was awarded "at least 10% for his personal injuries," but a final award has not yet been entered because "Mr. Holler's award is currently under review/appeal with the Workers Compensation Office of Judges." [Doc. 103 at 6]. Only "once all

final awards are determined and concluded" will Mr. Holler know whether his final award amount crosses the threshold 13% needed to pursue an action under *West Virginia Code* § 23-4-2.

At the Plaintiffs' request [Doc. 104], the Court heard oral argument on the motion on June 3, 2022 [Doc. 106]. While awaiting adjudication of the motion, Plaintiffs filed their Motion to Partially Lift Stay to pursue "limited discovery" related to the pending Motion to Amend. [Doc. 110]. Specifically, Plaintiffs wish to depose Defendants' corporate representative and conduct discovery regarding Townsend Tree Service Company, LLC's workers' compensation insurance coverage. Plaintiffs acknowledge that Mr. Holler is still awaiting a final order in the underlying worker's compensation case. [*Id.* at 3]. Defendants respond that Plaintiffs' request for a partial lift of the stay (1) lacks merit [Doc. 111 at 2–3], (2) is unduly prejudicial [*id.* at 4], (3) is "improperly motivated by Plaintiffs' attempt to evade summary judgment on their failure to meet the 13% threshold to maintain a deliberate intent action" [*id.*; *see also id.* at 3], and (4) is futile given Defendant Townsend Tree "had workers compensation insurance in place to cover Mr. Holler's injuries" [Doc. 111 at 4].

## II.

The parties disagree as to what percentage the workers' compensation board has awarded or may award Mr. Holler for his physical injuries. Regardless, the fact remains that Mr. Holler has yet to receive a *final* order in the underlying case.[1] [*See id.*; Doc. 111 at 2–3; Doc. 112

---

[1] The Court notes in particular the parties' apparent miscommunication -- or lack thereof -- concerning *why* a final order has yet to be issued. Plaintiffs claim Defendant Townsend Corporation "refuses to examine" Mr. Holler's left shoulder, as required for a final award. [Doc. 112 at 3 n.4]. Defendants maintain Mr. Holler "has refused to submit to the Independent Medical Examination necessary for this purpose (despite being directed to [do so] by the Insurance

at 2 (noting Mr. Holler's claim was remanded to the claims administrator but providing no information as to whether a final order has been issued); Doc. 113-1 (explaining the procedural steps necessary to issue a final order)]. Thus, Plaintiffs have not satisfied the terms of the September 2021 stay order. Inasmuch as the underlying dispute regarding Mr. Holler's disability rating remains unresolved, the Court **FINDS** Plaintiffs' motions are premature, and the case remains on the inactive docket.

### III.

Based on the foregoing, the Court determines it is in the interest of judicial economy to keep the stay in place. Accordingly, Plaintiffs' Motions are **DENIED without prejudice** to their refiling upon notice of the issuance of a final order in the underlying workers' compensation litigation [**Docs. 99, 110**].

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: March 20, 2023

Frank W. Volk
United States District Judge

---

Commissioner of the State of West Virginia)." [Doc. 111 at 2 ¶4, 3 ¶12]. The Court cannot enforce Plaintiffs' compliance with any order from the West Virginia Insurance Commissioner; nevertheless, the Court encourages the parties to swiftly resolve the underlying dispute.